McDERMOTT WILL & EMERY LLP
TERRENCE P. MCMAHON (State Bar No. 71910)
tmcmahon@mwe.com
3150 Porter Drive
Palo Alto, California 94304
Telephone:  (650) 813-5000
Facsimile:   (650) 813-5100

Attorneys for Plaintiff
CREATIVE TECHNOLOGY LTD.

FILED
2007 AUG 28  P 1:13
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J

ADR

E-FILING

#9
Fee Pd
NP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CREATIVE TECHNOLOGY LTD. a
Singapore corporation,

　　　　　Plaintiff,

v.

ZENZUI, INC., a Delaware corporation;
and Does 1 through 20, inclusive,

　　　　　Defendants.

CASE NO. C07 04459 SBA

COMPLAINT FOR:

(1) **TRADEMARK INFRINGEMENT;**
(2) **UNFAIR COMPETITION-FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING;**
(3) **UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200; and**
(4) **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

ORIGINAL

COMPLAINT FOR TRADEMARK INFRINGEMENT　　　　　　　　　　　　　CASE NO. _____

1  Plaintiff Creative Technology Ltd. ("Creative" or "Plaintiff") complains against
2  Defendants ZenZui, Inc. ("ZenZui") and Does 1-20, and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the federal trademark laws of the United States, Titles 15 and 17, United States Code, as well as state unfair competition and misappropriation laws. Subject matter jurisdiction is founded upon 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this judicial district.

## NATURE OF THE ACTION

3. This is an action for trademark infringement, false designation of origin and false advertising, unfair competition and unjust enrichment arising under the statutes of the United States (Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq.), the statutes of the State of California and the common law, arising out of Defendants' infringement of numerous of Plaintiff's trademarks.

## PARTIES

4. Creative is a corporation organized and existing under the laws of Singapore with its principal place of business in Singapore.

5. Upon information and belief, ZenZui is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Redmond, Washington. Upon information and belief, ZenZui has purposefully directed its sales at residents of this judicial District and has placed its products in the stream of commerce directed to this judicial District. Further, upon information and belief, ZenZui performed the acts described herein knowing that its actions would affect Creative's interests in this judicial District.

6. Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 to 20, and therefore sues these Defendants by such fictitious names. Plaintiff will amend these claims to allege their true names and capacities when ascertained.

7. Upon information and belief, each Defendant herein was the agent, servant, employee, principal, successor, alter ego, and/or partner of the others, acting within the course

and scope of such capacities and with the permission and consent of each other in doing the acts and engaging in the conduct alleged herein. Wherever in this Complaint reference is made to any act of a Defendant, such allegation shall be deemed to mean the acts of the Defendants named in that particular cause of action, and each of them, acting individually, jointly and severally.

## FACTUAL BACKGROUND

8. Creative is a world leader in digital entertainment products for use with personal computers and on the internet. Since at least 2002, Creative has manufactured and sold consumer electronic products such as MP3 players and other digital media devices and provided content for use in the consumer electronic products that it sells. Creative offers its products and services under several well-known trademarks including ZEN, ZENCAST, ZENGEAR, ZEN MICRO, ZEN NANO, ZEN SLEEK, ZEN STONE, ZEN VISION, ZEN VISION:M, ZEN VISION W and ZEN V (the "Zen Trademarks"), some of which are registered, and some of which have registrations pending with the U.S. Patent and Trademark Office.

9. Defendants conduct their business under the trade name "ZenZui" and they have developed web browser software, which they are selling under the mark "ZenZui." Defendants' web browser software is used for mobile telephones, personal digital assistants and mobile computers. Because Creative manufactures and sells consumer electronic products such as MP3 players and other digital devices, some of which contain features that are also incorporated into many of the devices ZenZui seeks to serve with its browser software, and provides content for use in such consumer electronic products, Defendants' ZenZui product is directed at a market similar to the market for Creative's line of consumer electronic products sold under the Zen Trademarks. Defendants have even applied to register the ZenZui trademark, knowing full well that Creative owns the rights to the Zen Trademarks.

10. In pursuing this scheme, Defendants are willfully and maliciously causing deception in the marketplace and exploiting the valuable goodwill Creative has earned in the Zen Trademarks. Defendants' infringements of the Zen Trademarks were and are knowing and willful and have caused and continue to cause Creative substantial irreparable injury. Accordingly, Creative seeks injunctive relief and damages for acts of trademark infringement,

COMPLAINT FOR TRADEMARK INFRINGEMENT      - 2 -      CASE NO. _____

false designation of origin and false advertising and unfair competition, knowingly and willfully committed by Defendants in violation of the laws of the United States and the State of California.

11. Defendants' use of the ZenZui trade name and mark is likely to cause confusion and deception as to the source, association, connection or affiliation of the ZenZui products with the products manufactured by Creative, in order to mislead the public into concluding that Defendants' ZenZui software product is authorized or approved by, or affiliated with, Creative.

12. Creative has requested in writing that Defendants cease using the ZenZui trade name and mark, but Defendants have failed and refused to do so.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement Against All Defendants - 15 U.S.C. § 1114(1))

13. Creative incorporates herein by reference each and every allegation contained in paragraphs 1 through 12, above, as fully set forth at length.

14. Creative has used the Zen Trademarks in interstate and foreign commerce in connection with the advertising, promotion and sale of its consumer electronic products since at least October 2002.

15. Because of Creative's extensive use and promotion of the Zen Trademarks, these marks have acquired considerable value and have become well-known to the consuming public as associated with Creative.

16. Defendants' acts constitute trademark infringement in violation of Section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1).

17. Defendants' acts complained of herein have damaged, and will irreparably damage, Creative. Creative has no adequate remedy at law for these wrongs and injuries. The damage to Creative includes harm to its goodwill and reputation in the marketplace that money damages cannot compensate. Creative is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons acting thereunder, in concert therewith or on their behalf, from using the ZenZui trade name and mark in connection with the sale, offering for sale, distribution, or advertising of their

1  products or services, or in any manner likely to cause confusion, mistake or to deceive the public
2  as to the source, origin or affiliation of Defendants' products.

3  18.  Defendants have willfully and deliberately infringed the Zen Trademarks, and
4  Creative is entitled to recover all damages sustained as a result of Defendants' unlawful conduct.
5  With respect to Defendants' infringement of those Zen Trademarks that are federally registered,
6  such damages include three times Defendants' profits, as well as the costs of suit and reasonable
7  attorneys' fees.

## SECOND CLAIM FOR RELIEF

(Unfair Competition - False Designation of Origin and False Advertising Against All Defendants)

10  19.  Creative incorporates herein by reference each and every allegation contained in
11  paragraphs 1 through 18, above, as fully set forth at length.

12  20.  As a separate cause of action and ground for relief, Creative alleges that
13  Defendants have and are engaged in acts of false designation of origin and false advertising in
14  violation of the statutory laws of the United States, which give rise to a cause of action under
15  Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

16  21.  By their use of the ZenZui trade name and mark, Defendants have made and are
17  making false or misleading representations that their products originate with or are approved by,
18  endorsed by or connected with Creative, thereby creating a likelihood of confusion among
19  prospective purchasers. Defendants' acts have damaged, impaired and diluted that part of
20  Creative's goodwill symbolized by the Zen Trademarks to Creative's immediate and irreparable
21  damage.

22  22.  Defendants' use of a trade name and mark confusingly similar to the Zen
23  Trademarks constitutes willful and deliberate unfair competition within the meaning of Section
24  43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a). Defendants have willfully
25  and deliberately infringed the Zen Trademarks, and Creative is entitled to recover all damages
26  sustained as a result of Defendants' unlawful conduct, including include three times Defendants'
27  profits, as well as the costs of suit and reasonable attorneys' fees.

28

COMPLAINT FOR TRADEMARK INFRINGEMENT      - 4 -      CASE NO. _____

23. Defendants' use of false designations of origin and false advertisements has caused Creative irreparable injury, loss of reputation, and pecuniary damages. Unless enjoined by this Court, Defendants will continue the acts of unfair competition complained of herein, to Creative's immediate and irreparable damage.

### THIRD CLAIM FOR RELIEF

(Unfair Competition In Violation of California Business & Professions Code §§ 17200, et seq. - Against All Defendants)

24. Creative incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, above, as though set forth at length.

25. By reason of the foregoing, Defendants have engaged in unlawful, unfair or fraudulent business practices in violation of California Business & Professions Code §§ 17200, et seq.

26. Defendants have used and are using the ZenZui trade name and mark in connection with the advertising and sale of products and services that are similar or identical to products offered by Creative under the Zen Trademarks in an unlawful, unfair and fraudulent manner so as to create a likelihood of confusion among prospective purchasers as to the source, affiliation, endorsement and approval of the products and services, which acts have damaged, impaired and diluted the goodwill symbolized by Creative's Zen Trademarks and also caused Creative immediate and irreparable damage.

27. Defendants' acts as set forth herein constitute unfair competition within the meaning of California Business & Professions Code §§ 17200, et seq. and under common law.

28. Upon information and belief, as a direct and proximate result of Defendants' unfair and unlawful actions, Defendants have been unjustly enriched at Creative's expense.

29. Defendants' acts of unfair competition have caused Creative irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Defendants will continue the acts of unfair competition complained of herein to Creative's immediate and irreparable damage.

COMPLAINT FOR TRADEMARK INFRINGEMENT            - 5 -                    CASE NO. _____

30. Creative is further entitled to recover its damages, an accounting of Defendants' profits, and restitution and the disgorgement of Defendants' ill-gotten gains.

### FOURTH CLAIM FOR RELIEF

(Unjust Enrichment – Against all Defendants)

31. Creative incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, above, as though set forth at length.

32. Defendants have engaged in and are engaged in acts resulting in the unjust enrichment of Defendants at Creative's expense.

33. The conduct of Defendants complained of herein has caused and will continue to cause Creative irreparable injury, loss of reputation and pecuniary damages.

34. Creative has created value and generated goodwill in its products, as well as in the Zen Trademarks.

35. Defendants have traded on this value and goodwill and on Creative's reputation through their deceptive, unfair and unlawful practices. Through their actions, Defendants have generated economic and other benefits at Creative's expense.

36. Creative has not authorized, acquiesced in or otherwise agreed to Defendants' actions complained of herein.

37. It would be inequitable, under these circumstances, for Defendants to retain the benefits accrued to them. Creative is entitled to recover its damages, an accounting of Defendants' profits, and restitution and the disgorgement of Defendants' ill-gotten gains.

WHEREFORE, Creative prays for judgment against Defendants as follows:

(1) Under 15 U.S.C. §§ 1114, 1116, 1118, 1125(a) and applicable California law and common law, that Defendants and each of their officers, directors, agents, servants, employees, attorneys, and their successors and assigns, and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

(a) Using any trademark, service mark, trade name or fictitious name trademark that includes the word or designations "Zen", including, without limitation, the name "ZenZui," or any other mark, name, domain name, or telephone number that is confusingly similar to the Zen Trademarks;

(b) Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combinations thereof that would imitate, resemble or suggest the Zen Trademarks;

(c) Otherwise infringing on Creative's trademarks and trade names;

(d) Unfairly competing with Creative, diluting the distinctiveness of Creative's well-known trademarks, and otherwise injuring Creative's business reputation in any manner;

(e) Applying to register, registering or taking any further steps in the registration process other than withdrawing any pending applications, reserving or maintaining any trademark, service mark, trade name, fictitious name or domain name that includes the word "Zen," or any mark or name that is confusingly similar to the Zen Trademarks;

(2) Under 15 U.S.C. § 1118 and the law of the State of California, that Defendants be directed to deliver up for destruction all products, advertisements, labels, signs, prints, packages, wrappers, receptacles and all other materials in their possession or under their control that resemble or bear the name or mark ZenZui, or any other reproduction, counterfeit, copy or colorable imitation of the Zen Trademarks, and all plates, molds, matrices, and other means of making or duplicating the same.

(3) Under 15 U.S.C. §§ 1114, 1117, 1125(a) and applicable California and common law, that Defendants be held jointly and severally liable and ordered to account and pay to Creative damages in an amount sufficient to fairly compensate Creative for the injury it has sustained, plus all profits that are attributable to the infringing sale of goods and services under the name and mark complained of herein, and

further that an additional amount be granted in an amount treble the amount of those actual damages in view of the willful and deliberate nature of Defendants' unlawful conduct.

(4) Under 15 U.S.C. §§ 1114, 1117, 1125(a) and applicable California and common law, that Defendants be held jointly and severally liable and ordered to pay Creative statutory damages in an amount sufficient to deter Defendants from engaging in unlawful conduct in the future.

(5) Under 15 U.S.C. §§ 1117, 1125(a) and the law of the State of California and applicable common law, that Defendants be held jointly and severally liable and ordered to pay to Creative the costs of this action and Creative's attorney fees.

(6) Because of the willful and deliberate nature of the conduct complained of herein, and because Defendants' acts were performed with oppression, fraud, and malice, that Defendants be held jointly and severally liable and ordered to pay punitive damages in an amount sufficient to deter such conduct in the future.

(7) That Creative be awarded its actual and compensatory damages.

(8) That an accounting be made for all profits, income, receipts or other benefits derived by Defendants from their conduct as alleged.

(9) That Creative be awarded restitution, and that the Defendants disgorge any ill-gotten gains.

(10) That Creative be granted such other, further, different or additional relief as this Court deems equitable and proper.

Dated: August 27th, 2007

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Terrence P. McMahon
Terrence P. McMahon
Attorneys for Plaintiff,
CREATIVE TECHNOLOGY LTD.

COMPLAINT FOR TRADEMARK INFRINGEMENT            - 8 -            CASE NO. _____

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6(a), Plaintiff Creative Labs, Inc. hereby demands a jury trial on all issues so triable.

Dated: August 27th, 2007

McDERMOTT WILL & EMERY LLP

By: /s/ Terrence P. McMahon
Terrence P. McMahon

Attorneys for Plaintiff,
CREATIVE TECHNOLOGY LTD.